## In re FARMER.

(District Court, E. D. North Carolina. June 17, 1902.)

1. BANKRUPTCY—JUDGMENT LIENS—NORTH CAROLINA STATUTE.

Under Code N. C. § 435, a judgment rendered against a bankrupt more than 10 years prior to his bankruptcy is not a lien upon his real estate, nor provable as a debt against his estate in bankruptcy, unless it has been renewed, as provided by statute.

In Bankruptcy. On review of decision of referee.

F. A. Woodard, for trustee.

Jacob Battle, for creditors.

PURNELL, District Judge. The contention of the parties in this cause is as to certain judgments obtained by J. & E. Mahoney on March 13, 1891, and docketed in the superior court of Wilson county. At fall term, 1900, by a decree of the superior court of Wilson county, these judgments are held to be a lien on the real estate of the bankrupt. At that time they were a lien. The petition in bankruptcy was filed April 18, 1901. Section 435 of the Code of North Carolina provides a judgment shall be a lien for 10 years from the date of the rendition of the judgment. Another provision of the Code provides a judgment lien may be renewed, but this latter section is not invoked. None of the incidents which suspend the running of the 10 years, as mentioned in the section cited, seem to have intervened, and the judgment of the superior court in 1900 was not a renewal of the lien. The decisions under this section of the Code are too numerous and familiar to require a citation. That a judgment lien is barred in 10 years is familiar learning in North Carolina. The referee must therefore be reversed in his decision that the Mahoney judgments were at the commencement of this bankruptcy proceeding a lien on the property of the bankrupt. They were barred by the statute of limitations, and cannot be proved against the estate. The decision of the referee in all other respects, including the allowance to attorneys of a fee of $30, is affirmed.